*Cox, for appellants.*

*Anderson for appellee.*

---

P. J. HONAKER *v.* MARGARET HONAKER, ETC.

**Specfic Performance—Purchase by Executory Contract—Marriage of Vendor and Vendee.**

The vendee purchased a tract of land by executory contract and thereafter united in marriage with the vendor, whereupon he instituted this suit to compel specific performance of the contract of sale.

Held, that appellant is entitled to a specific execution of his contract of purchase of the land.

**Executors and Administrators—Power of Executrix Ceases Upon Marriage.**

Upon the marriage of an executrix her power over the entire estate ceases. Being under the legal control of her husband, she in legal contemplation has no discretion or power independent of him.

APPEAL FROM HENRY CIRCUIT COURT.

September 9, 1871.

OPINION BY JUDGE PETERS:

By the will of Willis L. Botts, the title to his land vested in his widow M. A. Botts with full power to sell, dispose of or use as she might think best, and at her death, whatever of his estates was left to go to his son Douglas Botts if living, and if not, then to two of his brothers named. His widow was nominated in his will as his executrix, and being qualified, sold the land of testator to appellant by executory contract. Subsequently, he and the widow inter-married, and he then brought this suit in equity for a specific execution of his contract, and for a construction of the will, defining the powers and rights of the executrix and his rights as her husband.

One-fifth of the land, according to the allegations of the petition belonged to Mrs. Honaker by inheritance from her father, none of the purchase money was paid except $165, which as appears appellant and his wife have paid on debts owing by testator, and after deducting the one-fifth of the price which was $3,500, agreed to be paid for the whole tract to which the wife was entitled in her own right, and the $165 paid on the debts of testator, the sum of $2,635 of the purchase price remained unpaid.

The court below adjudged that appellant was entitled, under his executory contract to a conveyance of the land, and directed the Master to convey in the name of Margaret Honaker in her own right, and as executrix of her late husband the land as containing 517 acres, appellant consenting to take it at that quantity, retaining a lien on it to secure the payment of the purchase money without interest, and at the death of Mrs. Honaker, if her son Douglass should survive her, the court adjudged he would be entitled to the unpaid price, and in case of his death then to the other devisees in remainder named in the will. And of that judgment appellant complains.

There can be no question that appellant is entitled to a specific execution of his contract of purchaser of the land and it is equally clear that if his wife had remained a widow of testator that she might have used the estate as to her seemed best even to the consumption of the whole of it, but upon her marriage, her powers as executrix ceased, and being under the legal control of her husband, she, in legal contemplation, had no discretion or power

independent of her husband, upon her marriage therefore her powers over the whole estate ceased.

It cannot be supposed that the testator intended to place his whole estate in the power of any other than his wife, who was the mother of his only offspring, a helpless and afflcted son, unable to make a support for himself, and leave him destitute of the means of a support. We, therefore, conclude that the case should be referred to the master to ascertain by proof what it will be reasonably worth per annum to take care of and support Douglass Botts, the son of testator in the country, and in the manner his father provided for him in his life time. And in the conveyance to be made for the land to appellant, a lien should be reserved on so much only as may be reasonably necessary for the support and mainteance of Douglass Botts in the manner and the expenditure for that purpose need not be confined to the interest on the unpaid price of the land, and it seems to us that after setting apart a sum for that purpose, no lien should be retained for the residue of the purchase money as one-fifth of the land belonged to the wife of appellant which she had a right to dispose of independent of the will, and the residue of the four-fifths after the payment of debts, and the support of Douglass Botts would not be more than she would be entitled to.

Douglass Botts was made a defendant to the petition but it does not appear that he was ever served with a summons and although an infant, no guardian ad leitm was appointed for him. On the return of the cause he should be brought before the court by service of process, and a guardian ad litem appointed.

As therefore the judgment of the court below is not in accordance with the principles herewith stated, and is prejudicial to appellant the same is reversed and the cause is remanded for a judgement and further proceedings consistent herewith.

Mrs. Honaker should be by a commissioner appointed for the purpose, privily examined, as to the facts stated in her answer, and by her sworn to the same.

*Pryor & Barbour, for appellant.*